NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRANDT, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ROSEANN DELBENE, JANET MONROE, : <br> ALAN G. KAUFMAN AND JAMES DAVY, : <br> : <br> Defendants. : <br> : | Civil Action No. 05-1524 (JAG) <br><br> **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Roseann Delbene, Janet Monroe, Alan G. Kaufman and James Davy (collectively, the "State Defendants"). For the reasons set forth below, the State Defendants' motion to dismiss will be granted.

**BACKGROUND**

On March 18, 2005, Plaintiff John Brandt, a former patient of Greystone Park Psychiatric Hospital ("Greystone Hospital"), filed a Complaint against the State Defendants, alleging a violation of his constitutional rights, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that while he was a patient at Greystone Hospital: (1) he was unable to get adequate physical exercise or activity (Pl.'s Compl. ¶ 9.); (2) he did not have access to a library or any means of intellectual habilitation (Pl.'s Compl. ¶ 17.); and (3) the State Defendants, in their individual capacities, violated his constitutional right to due process by depriving him of

adequate physical exercise or activity and depriving him of access to a library.  (Pl.'s Compl. ¶ 27.)

On July 7, 2005, the State Defendants filed the instant motion.  Defendants assert that Plaintiff is not entitled to the relief requested because: (1) Greystone has adequate exercise programs; (2) library services are available to all patients; and (3) the State Defendants are entitled to immunity from suit.

## LEGAL STANDARDS

### I.  Standard for a Rule 12(b)(6) motion to dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990)).

**DISCUSSION**

I.    **Defendant's Motion to Dismiss**

In similar cases, the Supreme Court has used three different approaches to determine whether a person's due process rights under the Constitution have been violated: (1) analysis of fundamental rights accorded by substantive due process; (2) analysis of due process rights under Youngberg v. Romero (the 'professional judgment' standard); and (3) analysis of due process rights under Nicini v. Morra (the 'shocks the conscience' standard).

**(1)    Violation of the Right to Due Process of Law**

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). Initially, a court must "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998).

Plaintiff claims a violation of the due process clause of the Fourteenth Amendment. The right to due process of law ensures "protection of the individual against arbitrary action of government." Lewis, 523 U.S. at 845. The due process clause provides individuals with both procedural and substantive rights. First, it imposes certain *procedural* requirements on governments when they impair life, liberty or property. Procedural due process involves notice and a chance to be heard in a court of law. Lehr v. Robinson, 463 U.S. 248, 250 (1983). Plaintiff does not claim a violation of procedural due process rights.

The due process clause has also been understood to create substantive rights for individuals. The Supreme Court has found that the due process clause protects certain

3

fundamental rights.  Wash. v. Glucksberg, 521 U.S. 702, 720 (1997).  "To invoke substantive due process, a plaintiff must assert a right protected by the federal constitution." Lewis, 523 U.S. at 842.  This Court must determine whether Plaintiff's claim that he was deprived of the right to physical exercise or activity and the right to library access or other means of intellectual habilitation states a claim for violation of substantive rights under the due process clause.

In the instant case, the plaintiff does not have a valid claim for violation of substantive due process rights under the Fourteenth Amendment of the Constitution.  The right to physical exercise or activity and the right to library access or other means of intellectual habilitation are not fundamental rights that have been recognized by the Supreme Court.

**(2)     Violation of Due Process Rights under Youngberg v. Romero**

In determining whether a plaintiff's Constitutional rights have been violated, this Court must balance his liberty interests against the relative state interests.  Youngberg v. Romeo, 475 U.S. 307, 321 (1982).  A persons' involuntary committal to a mental facility does not deprive him of all liberty interests under the Fourteenth Amendment of the United States Constitution. Id. at 315.  The Supreme Court has held that a patient has a Constitutional right to adequate food, shelter, clothing, and medical care.  Id.  A state is also required to provide reasonable safety for all residents and personnel within the institution.  Id. at 324.  While a State has a duty to provide certain services and care to persons institutionalized and wholly dependent upon it, the State also has considerable discretion in choosing the nature and scope of its responsibilities.  See Richardson v. Belcher, 404 U.S. 78, 83-84 (1971).

The Supreme Court has held that 'professional' decision-makers may be liable for violating the substantive due process rights of an involuntarily institutionalized plaintiff if their conduct was "such a substantial departure from accepted professional judgment, practice, or

4

standards as to demonstrate that the person responsible actually did not base the decision on a judgment." Nicini, 212 F.3d at 811 (quoting Youngberg, 475 U.S. at 323).  In determining whether a State has adequately protected the rights of the involuntarily committed individual, the 'professional judgment' standard is elucidated as follows: "the Constitution only requires that the courts make certain that professional judgment in fact was exercised.  It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Youngberg, 475 U.S. at 321.  "Decisions made by the appropriate professional are entitled to a presumption of correctness." Id. at 323.  This standard has been applied in cases where a person is incarcerated at a psychiatric facility against his will. See id. at 322.  Although Youngberg involved a mentally retarded person, it is nevertheless applicable and controlling in the instant case as both cases involve involuntary incarceration and claims of violation of the patient's constitutional right to due process. See id.

In applying the 'professional judgment' standard to the facts of this case, "decisions made by the appropriate professional are entitled to a presumption of correctness." Id. at 323.  Plaintiff has not alleged any conduct by the State Defendants that would rebut this presumption. Furthermore, it is important to note that it is inappropriate for the courts to decide what professional decision should have been made. Youngberg, 475 U.S. at 321.  Not only is there no cognizable right to 'adequate physical activity or access to library services', the professionals at Greystone Hospital would have had considerable discretion to determine how and whether those services should have been provided to Plaintiff.  Plaintiff has failed to state a valid claim for relief under Youngberg.

### (3)     Violation of Due Process Rights under Nicini v. Morra

The third standard used to determine whether substantive due process rights have been violated occurs when there is an 'executive action' that is "so ill-conceived or malicious that it shocks the conscience." Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999)(quoting Lewis, 523 U.S. at 846).  The action necessary to reach a level that 'shocks the conscience' depends on the circumstances of a particular case. Miller, 174 F.3d at 375. "A plaintiff seeking to establish a constitutional violation must demonstrate that the official's conduct 'shocks the conscience' in the particular setting in which that conduct occurred." Nicini, 212 F.3d at 810. The standard the court uses to determine whether an action has reached that level is the "deliberate indifference standard." Lewis, 523 U.S. at 851. Failure to perform a specific duty, "in light of an actually known risk," could amount to deliberate indifference. Nicini, 212 F.3d at 812.

Lastly, in applying the 'deliberate indifference' standard to the instant case, Plaintiff does not allege that the behavior of any professionals at Greystone Hospital amounted to a 'failure to perform a specific duty.'  As mentioned, the State Defendants did not have a 'duty' to provide Plaintiff access to physical exercise or activity, or access to a library or other means of intellectual habilitation.  Because the State Defendants did not have such a duty, this Court need not consider whether failure to perform the actions claimed in Defendants' motion would amount to deliberate indifference.  Plaintiff's allegations do not shock the conscience, and Plaintiff has failed to state a valid claim for relief under Nicini.

Applying the three standards used to determine whether a person's due process rights have been violated, this Court finds that Plaintiff has failed to state a valid claim for relief under the due process clause.  The State Defendants' motion to dismiss will be granted.

## **CONCLUSION**

For the foregoing reasons, this Court finds that Plaintiff's Complaint fails to state a valid claim upon which relief can be granted, pursuant to F$_{ED}$. R. C$_{IV}$. P 12(b)(6). The State Defendants' motion to dismiss is granted. Plaintiff's Complaint is dismissed with prejudice.


Dated: March 22, 2006

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.